UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Lakeview Neurorehabilitation
Center, Inc.; Lakeview
Neurorehab Center Midwest, Inc.;
and Lakeview Management, Inc.,
    Plaintiffs

    v.                               Civil No. 07-cv-303-SM
                                         Opinion No. 2008 DNH 109

Care Realty, LLC; and
THCI Company, LLC,
    Defendants

**O R D E R**

    This suit was removed from the New Hampshire Superior Court.
It arises out of plaintiffs' unsuccessful attempt to extend the
terms of leases on several medical facilities.  Plaintiffs,
lessees, seek a declaratory judgment that they have not defaulted
under the leases and are entitled to extensions (Count I).  In
addition, they assert claims of breach of contract (Counts II &
III), tortious interference with business relations (Count IV),
and violation of N.H. Rev. Stat. Ann. ch. ("RSA") 354-A (Count
V).  Defendants assert six counterclaims.

    Before the court is defendants' motion for partial summary
judgment (document no. 34), in which they argue that "to the
extent Lakeview is deemed to have properly exercised an extension

of the initial lease term under the Amended Lease, Lakeview
unequivocally repudiated this extension in emails to THCI on
August 22-23, 2007." Defendants argue that a determination that
plaintiffs repudiated the lease extension entitles defendants to
judgment as a matter of law on: (1) Count I of plaintiffs'
complaint to the extent plaintiffs seek declaratory relief
related to their breach of contract claims; (2) Counts II and III
of plaintiffs' complaint; and (3) Count V of their counterclaim.
Plaintiffs object.

    Defendants' argument suffers from a basic problem.  Under
applicable New Hampshire law, the doctrine of anticipatory
repudiation applies only when an agreement exists — that is,
plaintiffs could only repudiate an existing agreement.  See
Syncom Indus., Inc. v. Wood, 155 N.H. 73, 83-84 (2007) (citing
LeTarte v. West Side Dev. Group, 151 N.H. 291, 294 (2004)).  The
agreement defendants posit is an extension of the original leases
on the facilities at issue.  Given that plaintiffs' complaint
alleges that no extension was ever agreed upon (Sec. Am. Compl.
¶¶ 29, 42), and given that defendant THCI "contends that . . .
[plaintiffs] never properly exercised this option [to extend the
lease]" (Defs.' Mem. of Law (document no. 34-2) at 2), and given
that defendants have produced uncontroverted evidence that no

2

agreement was ever reached on a lease extension,[1] the court cannot find, in this record, that Lakeview effectively extended the lease terms.  Because the record, as developed, does not establish a necessary factual predicate — that the lease terms were effectively extended — defendants are not entitled to summary judgment on an (irrelevant) anticipatory repudiation legal theory.  The motion (document no. 34) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

May 27, 2008

cc:  Christopher H. M. Carter, Esq.
     Daniel M. Deschenes, Esq.
     Ovide M. Lamontagne, Esq.
     Jonathan M. Shirley, Esq.
     Leigh S. Willey, Esq.

---

[1] That evidence consists of e-mails dated August 22 and 23, 2007, in which plaintiffs wrote: (1) "Please accept this e-mail as notification that the deadline has [passed] and we regret that we were unable to work out the lease extension." (Defs.'s Mot. Summ. J., Ex. 4); and (2) "Tony wanted to be sure that you did receive his e-mail last night stating that the time for negotiations had passed and that we need to move quickly on transition.  We do regret that we were unable to work out an extension." (Id., Ex. 5).