UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Lakeview Neurorehabilitation
Center, Inc.; Lakeview
Neurorehab Center Midwest, Inc.;
and Lakeview Management, Inc.,
    Plaintiffs

v.

Care Realty, LLC; and
THCI Company, LLC,
    Defendants

Civil No. 07-cv-303-SM
Opinion No. 2008 DNH 111

**O R D E R**

This suit was removed from the New Hampshire Superior Court.
It arises out of plaintiffs' unsuccessful attempt to extend the
terms of leases on medical facilities in New Hampshire and
Wisconsin.  Plaintiffs, lessees, assert five claims against
defendants, lessors[1].  The lessors, in turn, have counterclaimed
in six counts[2].  Before the court are defendants' motion to
dismiss for lack of personal jurisdiction (document no. 14);

---

[1] Plaintiffs seek a declaratory judgment that they have not
defaulted on their leases and are entitled to extend them (Count
I), and assert claims of breach of contract (Counts II & III),
tortious interference with business relations (Count IV), and
violation of RSA ch. 354-A (Count V).

[2] Defendants assert claims of breach of contract (Counts I &
II), breach of the implied covenant of good faith and fair
dealing (Count III), violation of RSA ch. 354-A (Count IV),
unjust enrichment (Count V), and failure to vacate, in violation
of Wisconsin statutory law (Count VI).

defendants' motion to dissolve or modify a preliminary injunction
previously issued by the New Hampshire Superior Court (document
no. 15); and plaintiffs' motion to clarify or modify that
preliminary injunction (document no. 7).


**Background**

Plaintiff Lakeview Management, Inc. ("LMI") owns and
operates Lakeview Neurorehabilitation Center, Inc. ("LNC") and
Lakeview Neurorehab Center Midwest ("LNC-M").  LNC, in turn,
operates a rehabilitation center in Effingham Falls, New
Hampshire, while LNC-M operates a rehabilitation center in
Waterford, Wisconsin.  Both facilities are leased from defendants
Care Realty, LLC ("Care") and THCI Company, LLC ("THCI").
Defendants acknowledge that, "[w]hile the leases [for the New
Hampshire and Wisconsin facilities] involve different properties,
different states, differen[t] contracting parties, they are
linked, both in their default and extension terms: A default
under one lease constitutes a default under the other, and one
cannot be extended without the simultaneous extension of the
other."  (Defs.' Obj. to Pls.' Mot. to Clarify (document no. 12)
at 3.)

On September 4, 2007, in the New Hampshire Superior Court, LMI and LNC filed an application for an ex parte temporary restraining order ("TRO") against Care and THCI (document no. 11-5 (N.H. Super. Ct. R.) at 11-14) along with a petition for preliminary and permanent injunctive relief, declaratory relief, and damages (id. at 15-26). Both requests for relief arose from LMI's and LNC's unsuccessful attempt to extend the lease on the New Hampshire facility. Care and THCI each filed general appearances in the state litigation. The superior court issued the requested TRO, after finding that "irreparable harm will occur for which there is no adequate remedy at law and that Petitioners have a reasonable likelihood of success on the merits." (Document no. 11-5 at 9.) Specifically, the superior court ordered: "Respondents shall not take any action that interferes with Petitioners' rights to operate the facility at 244 Highwatch Road, Effingham Falls, New Hampshire. Respondents shall not communicate to any third parties that Petitioners will not be operating the facility or will be relinquishing their licenses to operate same." (Id.)

In response, defendants filed an emergency motion for clarification and/or modification of the TRO. (Document no. 11-4 at 29-36.) In their motion, defendants noted:

> Lakeview broadly interprets the TRO as preventing
> THCI from communicating with any regulatory authority —
> including regulators in the State of Wisconsin
> regarding a similar Center operated by Lakeview under a
> similar lease with THCI there — including THCI's
> efforts to apply for and obtain licenses necessary to
> operate either the New Hampshire or Wisconsin Centers.

(Id. at 33.)  The motion also included a proposed order which

would authorize defendants to make any communications necessary

to proceed with licensing procedures in New Hampshire and

Wisconsin, and, direct plaintiffs to provide defendants with

information pertaining to both the New Hampshire and Wisconsin

facilities.  (Id. at 28; document no. 11-5 at 2-3.)  The trial

court denied defendants' motion, at least implicitly lending

support to the claim that the TRO did not permit defendants to

communicate with Wisconsin regulators.  (Document no. 11-3 at

41.)


On September 13, 2007, after a hearing, the superior court

issued an order on plaintiffs' request for a preliminary

injunction in which it ruled that "[t]he temporary order

previously issued by the court [would remain] in full force and

effect pending further order of the Court."  The court required

plaintiffs to post a bond in the amount of $500,000, "to insure

that any damages sustained by [defendants] if [they] ultimately

4

prevail[ ] will be paid."  Plaintiffs' suit was then removed to
this court.

Shortly after plaintiffs filed suit in the New Hampshire
Superior Court, they filed a similar suit in the Circuit Court of
Racine County, Wisconsin.  That court also granted a TRO.
(Document no. 11-3 at 39-40.)  Then, plaintiffs moved the
Wisconsin court to stay its proceedings, pursuant to a Wisconsin
statute that allows its courts to stay actions that "should as a
matter of substantial justice be tried in a forum outside [that]
state."  (Document no. 7-3 (Wisc. Hearing Tr.) at 29.)  After
determining, among other things, that personal jurisdiction over
defendants had already been established in New Hampshire, the
Wisconsin trial court granted "the motion . . . for stay for
trial of the [Wisconsin] cause in New Hampshire" (document no. 7-
3 at 41).  The Wisconsin court further ruled:

> [T]he temporary restraining order previously entered by
> this Court is continued on the condition first of all
> that the plaintiffs file their amended pleadings
> including the motion for a temporary injunction
> relating to the Wisconsin matter.  That that be filed
> in New Hampshire within 14 days from today.  As long as
> that filing is made including the motion for a
> temporary injunction this Court's temporary restraining
> order would be continued until the hearing date on the
> motion for temporary injunction in the state of New
> Hampshire.  Once that hearing date comes then the
> determination of whether an injunction should or should

> not be continued or issued here will be up to the court
> that is hearing the litigation.

(Id.)  In so ruling, the Wisconsin court identified a number of
factors militating in favor of trying the New Hampshire and
Wisconsin claims together, including a risk of inconsistent
results.  (See id. at 35–38, 40.)  It does not appear that
defendants appealed the Wisconsin court's order, and it is
presumed to be final as to that case.

After defendants removed the superior court action to this
court, plaintiffs filed a second amended verified complaint
(document no. 6), which listed LNC–M as a plaintiff along with
LMI and LNC, and which included factual allegations and claims
for relief involving both the New Hampshire and Wisconsin
facilities.  At the same time, plaintiffs filed the motion to
clarify or modify the preliminary injunction currently before the
court.  Defendants filed an objection to plaintiffs' motion to
clarify; an answer to the second amended verified complaint
(document no. 13); and the motion to dismiss for lack of personal
jurisdiction currently before this court.  In their answer,
defendants objected to "this Court's exercise of personal
jurisdiction for the claims arising out of the Wisconsin Amended
Lease or related to the operation of the rehabilitation facility

in Waterford, Wisconsin."  (Answer ¶ 4; see also id. ¶¶ 5, 7.)
However, defendants also asserted six counterclaims, no fewer
than four of which were based, at least in part, on the Wisconsin
lease.  (Answer ¶¶ 77–87, 95–106.)


### Document No. 14

Defendants move to dismiss, arguing that "this Court lacks
personal jurisdiction over Defendants Care [ ] and THCI [ ] with
respect to the claims arising out of the Wisconsin lease, whether
general or specific."  Plaintiffs counter that defendants have
waived any objection to personal jurisdiction in a variety of
ways and that, even absent waiver, this court may properly
exercise personal jurisdiction over defendants to adjudicate
claims arising out of the Wisconsin lease.


Plaintiffs say defendants waived any objection to personal
jurisdiction by filing a general appearance in the New Hampshire
Superior Court, rather than a special appearance limited to
contesting personal jurisdiction; by requesting relief from the
New Hampshire Superior Court pertaining to both the New Hampshire
and Wisconsin facilities; and by failing to object to personal
jurisdiction in their October 15, 2007, answer to the first
amended complaint, which was their first responsive pleading in

this court after removal.  Defendants counter that all of the
acts upon which plaintiffs rely in asserting waiver took place
before LNC-M and its Wisconsin claims became part of this case
and cannot, therefore, constitute waiver of an objection they had
no cause to assert.

Plaintiffs' contention that defendants waived any objection
to personal jurisdiction is well taken.  While the proffered
arguments for and against waiver based upon the timing of
defendants assertion of a lack of personal jurisdiction stand in
rough equipoise, plaintiffs' remaining argument – that defendants
waived objection to personal jurisdiction by affirmatively
seeking relief related to the Wisconsin lease – is persuasive.

In their emergency motion for clarification or modification
of the TRO (document no. 11-4 at 29–36), defendants asked the
superior court to order "immediate compliance [by plaintiffs]
with the information request served upon them by [defendants] by
letter dated August 27, 2007."  Id. at 28.  The referenced
letter, in turn, requested information pertaining to both the New
Hampshire facility and the Wisconsin facility.  Id. at 550–53.
By requesting affirmative relief related to the Wisconsin lease,
defendants submitted themselves to the jurisdiction of New

Hampshire's courts, thereby waiving any objection to personal
jurisdiction they might have had.  See Druding v. Allen, 122 N.H.
823, 826–27 (1982) (holding that defendant who "filed various
pleadings with the court, including requests for substantive
findings and rulings," waived his objection to personal
jurisdiction).  Moreover, "[w]here a defendant has waived his
right under state law to contest jurisdiction, he is barred from
asserting a defense of personal jurisdiction in federal court."
S.M.W. Seiko, Inc. v. Howard Concrete Plumbing Co., 170 F. Supp.
2d 152, 156 (D.N.H. 2001) (citing Nationwide Eng'g & Control
Sys., Inc. v. Thomas, 837 F.2d 345, 348 (8th Cir. 1988); Hakemy
v. Jackson, No. Civ.A 301CV0272P, 2001 WL 492378, at *1–2 (N.D.
Tex. May 4, 2001); Haedike v. Kodiak Research, Ltd., 814 F. Supp.
679, 681–82 (N.D. Ill. 1992); Delloma v. Consol. Coal Co., No.
90–4096–JLF, 1992 WL 510617, at *1–2 (S.D. Ill. Apr. 3, 1992)).

        Not only did defendants seek affirmative relief from the
superior court pertaining to the Wisconsin lease, they also
argued that, to be entitled to a preliminary injunction relating
to their New Hampshire claims, plaintiffs had to demonstrate a
likelihood of success on the merits of their Wisconsin claims:

            Lakeview also leases a health care facility from
        THCI in Wisconsin.  Simultaneous with this action,
        Lakeview brought suit in Wisconsin to enjoin THCI from

assuming control of that facility as well.  The reason
for Lakeview's Wisconsin action . . . is because
Lakeview's right to extend the Lease here is
inextricably tied to its right to extend the lease of
the Wisconsin facility.  On this point, the Lease
provides:

> Lessee's rights to exercise the options to extend
> granted in this Section 1.4 are subject to the
> further condition that concurrently with the
> exercise of any extension option hereunder, the
> Lessee shall have exercised its option to extend
> the terms of all of the Related Leases.

Lakeview's lease of the Wisconsin facility is a
"Related Lease" to the Lease here.  Furthermore, the
parties expressly agreed that if Lakeview is in Lease
Default under any one of the Related Leases (e.g., the
Wisconsin facility lease), it is automatically in Lease
Default under all other Related Leases, including the
Lease for the [New Hampshire] Center.

> When these provisions are read together,
> therefore, Lakeview's right to extend the Lease for the
> [New Hampshire] Center depends upon Lakeview not being
> in Lease Default at the Wisconsin facility. . . .  For
> Lakeview to prevail on its request for an injunction in
> this action, it must demonstrate a likelihood of
> success on the merits of its Wisconsin action, i.e.,
> that it is entitled to extend the Wisconsin lease and
> that it is not in Lease Default.  Without such a
> showing, Lakeview cannot demonstrate a right to extend
> the Lease here and, therefore, cannot demonstrate a
> likelihood of success on the merits of its claims in
> this action.

(Document no. 10-1 (N.H. Super. Ct. R.) at 27-28 (citations to

the record omitted); see also document no. 7-2 (N.H. Super. Ct.

Tr.) at 50-51.)

Under defendants' own characterization of the New Hampshire lease, resolution of plaintiffs' claims in this case, as originally filed, required construction of the Wisconsin lease and plaintiffs' compliance with its terms.  Thus, the essential premise of defendants' motion to dismiss, i.e., that claims arising out of the Wisconsin lease are entirely distinct from claims arising out of the New Hampshire lease, is undermined by their argument that the New Hampshire claims cannot be fully adjudicated absent determination of plaintiffs' compliance with the terms of the related Wisconsin lease.  Given the integrated nature of the two leases, specific jurisdiction extends to adjudication of issues arising out of the related Wisconsin lease.  The two leases are, in several material respects pertinent to this litigation, effectively one.

Defendants' motion to dismiss for lack of personal jurisdiction (document no. 14) is denied.

### Document No. 15

Defendants move to dissolve and/or modify the preliminary injunction issued by the New Hampshire Superior Court.  They argue that the superior court failed to make the findings necessary under New Hampshire law to support issuance of a

11

preliminary injunction, and that the injunction the court issued
was overbroad because it failed "to address the Plaintiffs' on-
going obligations in their possession and operation of the
rehabilitation center, including their obligation to perform
fully and consistently with the terms of the lease and related
transactional documents."  Plaintiffs counter that defendants'
motion is, in reality, an untimely and unfounded request for this
court to consider the same facts and arguments that were before
the superior court when it issued its injunction, that defendants
have demonstrated no change in circumstances that would justify
dissolution or modification of the injunction, and that
defendants' arguments are without merit.

     When an action is removed from a state court, "[a]ll
injunctions, orders, and other proceedings had in such action
prior to its removal shall remain in full force and effect until
dissolved or modified by the district court."  28 U.S.C. § 1450.
The court of appeals for this circuit observed that:

        . . . we think it evident that in the ordinary
     case dissolution [of a preliminary injunction] should
     depend on the same considerations that guide a judge in
     deciding whether to grant or deny a preliminary
     injunction in the first place.  The familiar quartet
     includes likelihood of success, the threat of
     irreparable injury to the party seeking interim relief,
     the equities and the public interest.

Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 15 F.3d 1222, 1225
(1st Cir. 1994) (citing Teradyne, Inc. v. Mostek Corp., 797 F.2d
43, 51 (1st Cir. 1986); Planned Parenthood League of Mass. v.
Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981)).  The court went
on to hold that "[a] decision to vacate an existing preliminary
injunction is . . . the effective equivalent of a denial of a
preliminary injunction, an event that unquestionably triggers
Rule 52(a)'s requirement of [fact] findings."  Id. at 1228.

     As a general rule, a party seeking to dissolve or modify a
preliminary injunction must provide evidence of a change in
circumstances.  As the Ninth Circuit explained, "[a] district
court has inherent authority to modify a preliminary injunction
in consideration of new facts."  A&M Records, Inc. v. Napster,
Inc., 284 F.3d 1091, 1098 (9th Cir. 2002) (citing Sys. Fed'n No.
91, Ry. Employees' Dep't v. Wright, 364 U.S. 642, 647-48 (1961);
Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 810 (9th
Cir. 1963)).  "[I]n modifying a preliminary injunction, a
district court is not bound by a strict standard of changed
circumstances but is authorized to make any changes in the
injunction that are equitable in light of subsequent changes in
the facts or the law, or for any other good reason."  Loudner v.
United States, 200 F. Supp. 2d 1146, 1148 (D.S.D. 2002) (quoting

13

Movie Sys., Inc. v. MAD Minneapolis Audio Distribs., 717 F.2d
427, 430 (8th Cir. 1983)).

Here, defendants do not point to substantial changes in
circumstances, or any other good reason for dissolving or
modifying the preliminary injunction.  Their primary argument for
dissolution — that the superior court failed to make necessary
findings in its September 13 order — is unavailing in light of
the September 4 order, in which the court determined that
"irreparable harm will occur for which there is no adequate
remedy at law and that the Petitioners have a reasonable
likelihood of success on the merits."  Taken together, the orders
of September 4 and September 13 provide a sufficient factual and
legal basis for the injunction.

Defendants' argument for modification is similarly
unavailing.  The modifications they seek do not involve lifting
any of the restraints imposed but, rather, involve placement of
various restrictions on plaintiffs – relief defendants expressly
requested from the superior court (Super. Ct. Tr. at 48), but
were denied.  Absent a change in circumstances, or a persuasive
argument that the superior court ruled erroneously, or a
demonstration that money damages on defendants' counterclaims are

14

insufficient to remedy any harm that might flow from the conduct they seek to enjoin – which is not asserted here – there is no cause to modify the preliminary injunction currently in force. Accordingly, defendants' motion to dissolve or modify the preliminary injunction is denied.

## Document No. 7

In document no. 7, plaintiffs move the court for an order that:

> (1) clarif[ies] that the preliminary injunction issued by the Carroll County Superior Court in this action on September 13, 2007, prior to its removal to this Court by Defendants, applies to enjoin any conduct by Defendants in New Hampshire or Wisconsin which would interfere with the licensing or operation of Plaintiffs' rehabilitation facilities in New Hampshire or Wisconsin or (2) modif[ies] the injunction so that it expressly restricts Defendants' activities in Wisconsin.

(Pls.' Mot. to Clarify at 1.)  Defendants object, arguing that plaintiffs failed to abide by the Wisconsin court order, which directed them to file a motion for a preliminary injunction in the New Hampshire court, and that they did so intentionally, because they cannot satisfy the preliminary injunction standard. In addition, defendants argue that if the injunction is construed or modified to cover the Wisconsin facility, plaintiffs should be required to double the bond amount set by the superior court

15

(from $500,000 to $1,000,000).  Plaintiffs counter that based
upon the terms of the lease, under which they made a single
monthly rent payment for both facilities, the existing bond
already secures holdover rent for the Wisconsin facility.

As a preliminary matter, plaintiffs' motion to clarify or
modify the existing preliminary injunction is an appropriate
vehicle for executing the directive of the Wisconsin court, which
ordered plaintiffs to move for a preliminary injunction in New
Hampshire.  That said, plaintiffs are entitled to the relief they
seek, either as a clarification or a modification.

Given the arguments before the superior court, both in
pleadings and at the September 12 hearing, it is evident that the
court was aware of the existence of the Wisconsin facility and
the integration of the leases for the facilities in Wisconsin and
New Hampshire.  The September 13 injunction was intended to cover
actions in New Hampshire or Wisconsin that could interfere with
plaintiffs' right to operate the facilities in either New
Hampshire or Wisconsin.  Given the integrated leases,
communication to a Wisconsin regulator that plaintiffs were
relinquishing their licenses to operate the Wisconsin facility
would, necessarily, convey that plaintiffs also intended to give

16

up operation of the New Hampshire facility.  However, even if the
September 13 injunction is not construed to cover conduct in
Wisconsin, or conduct related to licensing or operation of the
Wisconsin facility, the addition of the Wisconsin plaintiff to
this action, following the order of the Wisconsin court and
removal to this court, was a change in circumstances justifying
modification of the injunction.  Either way, plaintiffs are
entitled to the relief they seek in document no. 7.

Defendants, however, are not entitled to an increase in the
bond amount.  It is plain that the monthly rental income relied
upon by defendants in seeking a bond was the amount plaintiffs
paid for both the Wisconsin and New Hampshire facilities.  Pls.'
Obj. to Defs.' Mot to Dismiss (document no. 19), Ex. A (McDermott
Aff.) ¶ 8; Ex. B, at 2.  Thus, the bond required by the superior
court in its September 13 order took into account rent paid for
the Wisconsin facility.  Accordingly, the bond amount requires no
modification.

### Conclusion

For the reasons given, defendants' motion to dismiss
(document no. 14) is denied, defendants' motion to dissolve or
modify the preliminary injunction (document no. 15) is denied,

17

and plaintiffs' motion to clarify or modify the permanent
injunction (document no. 7) is granted.

        **SO ORDERED.**

                            _____
                            Steven J. McAuliffe
                            Chief Judge

May 28, 2008

cc:  Christopher H. M. Carter, Esq.
     Daniel M. Deschenes, Esq.
     Ovide M. Lamontagne, Esq.
     Jonathan M. Shirley, Esq.
     Leigh S. Willey, Esq.