UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Lakeview Management, Inc.;
Lakeview Neurorehabilitation
Center, Inc.; and Lakeview
Neurorehab Center Midwest, Inc.,
    Plaintiffs

    v.                                  Civil No. 07-cv-303-SM
                                      Opinion No. 2010 DNH 013

Care Realty, LLC; and
THCI Company, LLC,
    Defendants

**O R D E R**

The parties' supplemental requests for additional findings of fact and rulings of law (documents no. 140 and 141) are resolved as follows:

**Plaintiffs' Supplemental Requests (document no. 141)**

Facts

1. Denied.

2. Denied (while perhaps after expert analysis the documents can be said to have "demonstrated," in part, that the management fees were calculated using GAAP gross revenues, still, they did not clearly or fairly disclose that irregularity).

3. Granted to the extent the referenced letter was explicit. But THCI previously let Lakeview know that it harbored concerns about the propriety of Lakeview's additional rent calculations under the lease terms.

4. Denied; the issue was ongoing and unresolved, and was not abandoned.

5. Denied.

6.   Granted.

7.   Denied.

8.   Granted.

9.   Granted.

Law

1.   Granted.

2.   Unnecessary to resolve the issues actually raised in the litigation.

3.   Unnecessary to resolve the issues actually raised in the litigation.

4.   Addressed in the court's memorandum decision.

5.   Addressed in the court's memorandum decision.

6.   Addressed in the court's memorandum decision.

7.   Addressed in the court's memorandum decision.

**Defendants' Supplemental Requests (document no. 140)**

Facts

1.   Granted.

2.   Granted.

3.   Granted.

4.   Granted.

5.   Granted.

6.   Granted.

7.   Granted.

8.   Granted.

9. Granted.

10. Granted to the extent defendants so represent.

11. Granted as a correct statement of the lease terms, but, defendants have not established what reasonable fees were "incurred as a result of any lease default," and plaintiffs have not been heard on the claimed entitlement.

12. Granted.

13. Granted as an accurate statement of the lease terms.

14. Granted.

15. Denied; the claim was not litigated and is subject to some doubt given THCI's conduct.

Law

1. Granted.

2. Granted.

3. Granted.

4. Granted.

5. Granted.

6. Granted.

7. Granted.

8. Granted.

9. Granted.

10. Granted.

11. Granted.

12. Granted.

13. Denied; it is not apparent that the calculation is actually agreed upon.

14. Denied; it is not apparent from the evidence what a proper calculation would yield.

15. Granted.

16. Denied; it is not apparent that the calculation is agreed upon.

17. Denied; it is not apparent from the evidence (or an agreement) that the calculation is correct.

18. Denied (see #17).

19. Denied; it is not apparent from the evidence (or an agreement) that the calculation is correct.

20. Granted, but see ruling on Request No. 11.

21. Granted.

22. Granted as to future performance, but to the extent this request raises an issue regarding the current extension period, the matter was not litigated, and the implied claim of right is doubtful.

23. Granted.

24. Denied; the issue was not litigated and a ruling is not necessary to resolve any issue actually raised in this case.

Having resolved all outstanding motions and addressed the supplemental requests for rulings, it would seem at long last that final judgment can be entered. Calculation of amounts owed should require little more than mathematical computation. Defendants' request for ruling with respect to an attorneys' fees claim implies other issues, but no motion is pending and no evidentiary support for the request has been referenced, and plaintiffs have not had an opportunity to respond with respect to

either the merits of such a claim or the reasonableness of the amount claimed.

The clerk shall schedule a status conference within the next 30 days at which the parties will be expected to either stipulate to the amounts to be included in a final judgment, or state what issues they think require additional attention. As noted in the court's memorandum decision (document no. 139 at 50-51, n.8):

> The precise amount owed is a matter of performing a series of mathematical calculations. The result ought to be undisputed. If the parties cannot agree on the amount due, however, the court will entertain a motion to reopen the case and resolve the issue, likely by appointing an expert, or special master, at the parties' expense.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

January 22, 2010

cc:  Christopher H. M. Carter, Esq.
     Daniel M. Deschenes, Esq.
     Ovide M. Lamontagne, Esq.
     Jonathan M. Shirley, Esq.
     Leigh S. Willey, Esq.